FILED'11 APR 05 13:47USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DANAE COSSETTE-JOHNSON, | Civil No. 09-1251-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER of Social Security, | |
| Defendant. | |

HAGGERTY, District Judge:

Plaintiff brings this action seeking judicial review of a decision by the Commissioner of the Social Security Administration denying her application for Supplemental Security Income (SSI) benefits. She seeks an order reversing the Commissioner's decision and remanding this case for an award of benefits or for further proceedings. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

This court has reviewed the record of this case and has evaluated counsels' arguments. I conclude that this action must be remanded for additional administrative proceedings.

1 - OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her application for SSI in September, 2005, alleging disability since September 15, 2002. Plaintiff's application was denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing, and subsequently issued a decision on January 27, 2009, finding that plaintiff was not disabled. Tr. 11-22.[1] The Appeals Council denied review (despite receiving supplemental medical evidence), rendering the ALJ's conclusions the Commissioner's final decision for purposes of obtaining this judicial review.

## FACTUAL BACKGROUND

The parties present no substantive challenges to the facts as presented in the record of the case. Details of plaintiff's background and medical history will be reviewed as necessary in this ruling's analysis below.

## STANDARDS

The parties are familiar with the applicable standards required for proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The ALJ undertook a sequential evaluation process for determining whether plaintiff was eligible for benefits because of disabilities. 20 C.F.R. §§ 404.1520, 416.920; *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Plaintiff's challenges to that process and the ALJ's analysis are addressed below.

---

1  Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and quotations omitted).

This court must uphold the Commissioner's denial of benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted).

The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Id.*

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had not engaged in SGA since plaintiff's alleged disability onset date. Tr. 13, Finding 1.

At step two, the ALJ found that plaintiff had the following severe impairments: fibromyalgia, asthma, depression, generalized anxiety disorder, post-traumatic stress disorder,

3 - OPINION AND ORDER

pain disorder with both psychological and medical factors, personality disorder NOS, polysubstance abuse and opioid dependence in remission. Tr. 13-14, Finding 2.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 15-17, Finding 3.

The ALJ determined that plaintiff had the residual functional capacity (RFC) through the date last insured for benefits to "perform light work as defined in CFR 416.967(b) except for" certain additional limitations. Tr. 17-20, Finding 4.

These "additional limitations" include mild restrictions in activities of daily living, and moderate difficulties in social functioning, concentration, persistence, and pace. Tr. 16. Plaintiff must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation, and avoid all hazards such as heights and moving machinery. Tr. 17. She has the mental RFC for simple two-step tasks consistently, with limited public contact. *Id.*

At step four, the ALJ found that plaintiff had no past relevant work. Tr. 20, Finding 5.

At step five, considering plaintiff's age, education, work experience, and RFC, the ALJ concluded that plaintiff could perform work existing in significant numbers in the national economy, specifically housekeeper/cleaner or product assembler. Tr. 21, Finding 9. Accordingly, the ALJ concluded that plaintiff was not eligible for SSI.

## QUESTION PRESENTED

Primarily, plaintiff's strongest challenges are that the ALJ erred in (1) addressing lay testimony; and (2) failing to adequately address medical opinions. These assignments of error are dispositive regarding the basis for remanding. However, the remaining record fails to support a remand for benefits, and plaintiff's other arguments are deemed as either moot or unpersuasive.

4 - OPINION AND ORDER

## DISCUSSION

### 1. Lay testimony

The Commissioner concedes that the ALJ erred in the consideration of lay testimony. Df.'s Br. at 14 ("Plaintiff correctly notes that the ALJ did not mention and provide reasons to reject the December 9, 2005 lay witness statement of her friend and roommate, Bobby Hubbard," and also "the ALJ considered Mr. Hubbard's additional lay witness statement . . . [but] the Commissioner concedes that the ALJ erred in his reasons for rejecting it.") (citations omitted). Despite these errors, the Commissioner argues that remand is unnecessary because plaintiff failed to demonstrate that Mr. Hubbard's December 9, 2005 and October 9, 2008 lay witness statements "were attributable to medically determinable impairments for which there was support in the record and that [the statements] did not depend on plaintiff's subjective complaints such that they should have been considered in the ALJ's [RFC] assessment." *Id.* (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

The citation provided in support of this somewhat strained basis for asserting that the lay testimony errors are harmless is unhelpful to the Commissioner. The *Bayliss* court addressed an ALJ's rejection of medical opinions that were derived from sources other than "objective medical data or reports from treating physicians or counselors." *Bayliss*, 427 F.3d at 1217. The court also affirmed the ALJ's determination of the plaintiff's RFC, commenting that the ALJ properly "took into account those limitations for which there was record support that did not depend on [the plaintiff's] subjective complaints." *Id.*

These conclusions fail to establish that the errors committed regarding the lay testimony in this case should be construed as harmless. In determining whether a claimant is disabled, an

5  - OPINION AND ORDER

ALJ is required to consider lay witness testimony concerning a claimant's ability to work. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (citing *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006)). Such testimony is competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ electing to disregard the testimony of a lay witness must do so by providing reasons "that are germane to each witness." *Id.* The reasons that are "germane to each witness" must also be specific. *Stout*, 454 F.3d at 1054 (explaining that the ALJ, not the district court or the counsel for the Commissioner, must provide specific reasons for rejecting lay testimony).

There is no dispute here that the ALJ failed to consider and address the lay witness statements of Bobby Hubbard from December 2005 and October 2008. By failing to discuss and provide specific reasons for discounting these statements that were germane to their author, the ALJ erred. The significance of these errors cannot be construed as harmless, because this court cannot conclude that no reasonable ALJ—after crediting the testimony fully—would reach a different disability determination regarding plaintiff. *Stout*, 454 F.3d at 1056. These errors instead compel remand.

### 2.    Medical opinions

Plaintiff also assigns error to the ALJ's failure to adequately address the opinion of Dr. Martin Kehrli, who opined that plaintiff could not lift more than ten pounds and could not stand for more than two hours per workday. These limitations would preclude the "light" level work that the ALJ concluded was available to plaintiff. When coupled with plaintiff's mental limitations, this opinion that plaintiff can perform only sedentary work would mean that the ALJ

failed to find work in the national economy that plaintiff could do. Plaintiff argues that the ALJ failed to give sufficiently specific, legitimate reasons for disregarding Dr. Kehrli's opinion.

The Commissioner does not dispute plaintiff's summary of Dr. Kehrli's opinion, and agrees that the rejection of the opinion must be supported by "reference to specific evidence in the record." Df.'s Br. at 10 (citation omitted). The Commissioner argues that the ALJ "noted that he was aware" of the opinion, *Id.* at 11 (citing Tr. 19), and that the ALJ also cited another non-examining agency physician, who concluded that plaintiff could perform medium levels of physical exertion.

"The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). The ALJ "may not ignore these opinions and must explain the weight given to the opinions in their decisions." Social Security Ruling (SSR) 96-6p.

In this case, the ALJ acknowledged Dr. Kehrli's opinion, but then dismissed the opinion simply by referencing another non-examining physician's opinion and declaring that "[i]n giving the benefit of the doubt to the claimant, I have found a light level of physical exertion is an appropriate limitation to the claimant's RFC." Tr. at 19-20.

This explanation is insufficient under the requirements of SSR 96-6p for rejecting Dr. Kehrli's opinion. Simply citing another non-examining doctor's opinion as grounds for rejecting Dr. Kehrli's opinion provides no explanation of the little weight given to that opinion.

### 3.  Remand

Plaintiff's other arguments—and defendant's responses—have been considered, and the record scrutinized. The court is confident that upon remand, the Commissioner will ensure that

7 - OPINION AND ORDER

all evidence properly presented will be considered, plaintiff's physical and mental RFC will be identified, addressed, and evaluated, and that all appropriate standards will be applied in the five-step analysis and in evaluating the testimony and evidence submitted.

A court may remand a Social Security disability case under either sentence four or sentence six of 42 U.S.C. § 405(g). *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007). The issues presented here compel a remand under sentence four.

The decision whether to remand under sentence four for further proceedings or for the immediate payment of benefits is within the discretion of the court. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). "[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

This court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful. Upon remand, the ALJ shall address all evidence presented in accordance with the standards identified above.

## CONCLUSION

This court concludes that the decision of the Commissioner regarding Danae Cassette-Johnson must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this __5__ day of April, 2011.

ANCER L. HAGGERTY
United States District Judge